IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN HUNTER MARTIN, ) | |
| AIS #276233, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-1042-WHA |
| ) | |
| MARY COOK, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jonathan Hunter Martin, an indigent state inmate currently confined at the Fountain Correctional Facility.  In this complaint, Martin challenges the constitutionality of actions which occurred during his confinement at Draper Correctional Facility in October or November of 2017.  Specifically, Martin alleges that defendants Cook and King failed to protect him from attack by another inmate.

Upon thorough review of the complaint, the court concludes that the claims presented by Martin against Bullock Correctional Facility and the Alabama Department of Corrections are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Martin leave to proceed in forma pauperis in this case.  *See* Doc. 3.  This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B),  This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails

## II. DISMISSAL OF DEFENDANTS

### A. Bullock Correctional Facility

Martin names Bullock Correctional Facility as a defendant in this case. A state correctional facility is merely a building which is not a legal entity subject to suit or liability in a 42 U.S.C. § 1983 action. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, Bullock Correctional Facility is not a suable entity.

### B. The Alabama Department of Corrections

Martin also names the Alabama Department of Corrections as a defendant. The law is well-settled that the State of Alabama and, by extension, its departments are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against the State or any department thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Consequently, any claim lodged against the Alabama Department of Corrections is therefore frivolous as such claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Bullock Correctional Facility and the Alabama Department of Corrections be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

    2.  Bullock Correctional Facility and the Alabama Department of Corrections be dismissed as defendants in this cause of action.

    3.  This case, with respect to the plaintiff's claims against Mary Cook and Captain King, be referred back to the undersigned for appropriate proceedings.

    On or before **December 28, 2018**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

    Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 14th day of December, 2018.

                          /s/ Charles S. Coody
                           UNITED STATES MAGISTRATE JUDGE