IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN HUNTER MARTIN, ) | |
| AIS #276233, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-1042-MHT |
| ) | |
| MARY COOK, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jonathan Hunter Martin, an indigent state inmate, initiated this 42 U.S.C. § 1983 action alleging deliberate indifference to his safety by correctional officials during his confinement at the Draper Correctional Facility in the latter part of 2017. The defendants filed a written report and supporting evidentiary materials in which they adamantly deny any violation of Martin's constitutional rights. Doc. 17 and Doc. 17-1–Doc. 17-14.

The order of procedure entered in this case instructed Martin to immediately inform the court of any new address. Doc. 5 at p. 4, ¶7 ("The plaintiff shall immediately inform the court and defendant Parker or, if counsel has appeared on behalf of the defendants, counsel of record of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action. The plaintiff shall also diligently prosecute this action or face the possibility it will be dismissed for failure to prosecute."). The docket indicates Martin received a copy

of this order. However, the postal service returned as undeliverable orders subsequently entered in this case because Martin no longer resided at the last address he had provided to the court for service.[1]

Based on the foregoing, the court entered an order requiring Martin to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 20 at p. 2. The order also "specifically cautioned [Martin] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 20 at 2. The time for Martin to file a response to this order has long since expired. As of the present date, Martin has failed to provide the court with his current address pursuant to the directives of the orders entered in this case. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Martin is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Martin has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears

---

[1] The last address provided by Martin is the Fountain Correctional Facility.

that any additional effort to secure Martin's compliance with the orders of this court would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Martin's whereabouts are unknown.

Accordingly, the court concludes that Martin's failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons and as the undisputed report filed by the defendants establishes no deliberate indifference to Martin's safety, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **March 22, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of March, 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE